UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY WALKER,
    Plaintiff,

vs.

CITY OF CINCINNATI DEPT.
OF BUILDING AND INSPECTIONS, et al.,
    Defendants.

Case No. 1:17-cv-575
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Terry Walker, a resident of Cincinnati, Ohio, brings this action against the City of Cincinnati Department of Building and Inspections, Hamilton County Adult Probation, Hamilton County Sheriff Department Electronic Monitoring Division, Hamilton County Animal Warden, City of Cincinnati Health Department, Cincinnati Fire Department, Hamilton County Sheriff Department, City Manager Harry Black, City of Cincinnati Senior Assistant Prosecutor Keith Forman, Sgt. Todd Musgrove of the Hamilton County Justice Center Electronic Monitoring Division, Probation Officer Tom Griffin, City of Cincinnati Code Enforcement, and SCPA Cincinnati alleging a violation of his rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court on plaintiff's motion to amend the complaint to clarify that he is seeking relief solely on his own behalf and not on behalf of "Halcyon Real Estate and Construction Services," an entity plaintiff Walker named in the original complaint and of which Mr. Walker is the agent. (Doc. 4). Plaintiff's motion is **GRANTED** and the Court will construe the complaint, as amended, as seeking relief solely on behalf of Mr. Walker.

This matter is also before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint is difficult to decipher. As best the Court can discern, plaintiff is the owner of a building that was declared a nuisance by the City of Cincinnati. Plaintiff alleges he was subjected to malicious prosecution because he refused to allow a housing inspection and failed to acquire a VBML (Vacated Building Maintenance License), which plaintiff describes as a "nuisance building bond." (Doc. 1 at 4). Plaintiff alleges he was charged with a misdemeanor offense and at the trial the City "lied" by stating the property was vacant

3

and abandoned. Plaintiff was convicted and his subsequent appeal was denied. (Doc. 1 at 7). Plaintiff states that in May 2017, he met with "inspector James" and asked if the building was scheduled to be torn down. Plaintiff was told it was not, but that he was required to obtain the VBML. Plaintiff alleges:

> [I]t became apparent city is coercing property owners in low-income communities, to acquire "VBML" when they acquire or wish to renovate their property and is only given ninety days and if he fails to complete his project in ninety days city then arrest owner for failing to comply, and order him to acquire nuisance ordinance.

(Doc. 1 at 8).

Plaintiff alleges that on May 31, 2016, he appeared in court for a probation violation and pled no contest. He was ordered "to report to home incarceration indefinitely until [he] decide[d] to allow [a] housing inspection." (*Id.*). Plaintiff states he absconded because he has "no constitutional rights of owning real estate. . . ." (*Id.*). Plaintiff alleges that on June 16, 2016:

> City building inspectors, Sheriff Department, Health Department, SCPA, Fire Department, and just as i predicted city water works participated in raid and this was going to be part of the pretext neighbor tell me that they waited for me to pull off before entering building, removed dog he was not part of probation, reason was because i refused to report to probation indefinitely, they had right to enter building, because i plead no contest and refused to allow warrant less housing inspection.

(*Id.*). The following day, plaintiff called probation officer Tom Griffin, who denied participating in the raid and advised plaintiff to report to the sheriff's department. (*Id.*). Several months later, plaintiff learned that his dog had been euthanized by the SPCA without notice to plaintiff. (Doc. 1 at 11).

Plaintiff alleges he spoke with Dave Hartinger of the City of Cincinnati Department of Building and Inspection on January 18, 2017 and was advised he could pick up his keys anytime and he would later be billed for the cost. He also alleges that on August 29, 2017, he was visited

4

by Cincinnati police who advised him of a warrant for disciplining his daughter and to turn himself in. (Doc. 1 at 9). As relief, plaintiff seeks $150,000 in damages. (Doc. 1 at 11).

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

To the extent plaintiff may be alleging any state law claims, it is clear from the face of the complaint that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a). In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendants are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

To the extent plaintiff may be alleging a federal claim of malicious prosecution against the City of Cincinnati, plaintiff's complaint fails to state a claim for relief. Municipalities cannot be held vicariously liable under 42 U.S.C. § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty.*,

*Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis v. Bexley Police Dept.*, No. 2:08-cv-750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that the City of Cincinnati violated his constitutional rights pursuant to a policy or custom of the City. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell,* 436 U.S. at 693-94.

Similarly, to the extent plaintiff names as defendants the City of Cincinnati Department of Building and Inspections, Hamilton County Adult Probation, Hamilton County Sheriff Department Electronic Monitoring Division, Hamilton County Animal Warden , City of Cincinnati Health Department, Cincinnati Fire Department, Hamilton County Sheriff Department, and the City of Cincinnati Code Enforcement, his complaint fails to state a claim for relief against these entities. These departmental units are not sui juris; they are merely sub-units of the city and county they serve. *See, e.g., Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D.

Ohio 2002) (citing *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987)). In any event, plaintiff's claims against the various departmental units of the City of Cincinnati and Hamilton County are in reality official capacity suits against the city and county, the entities of which the departmental units are agents. Because plaintiff's complaint does not allege any facts showing that these departmental units acted pursuant to a policy or custom of the City of Cincinnati or Hamilton County, plaintiff's complaint should be dismissed as to these defendants. *Monell,* 436 U.S. at 693-94.

Plaintiff's complaint also fails to state a claim for relief against defendants City Manager Harry Black, City of Cincinnati Senior Assistant Prosecutor Keith Forman, Sgt. Todd Musgrove of the Hamilton County Justice Center Electronic Monitoring Division, and Probation Officer Tom Griffin. Plaintiff's complaint fails to allege facts showing how these named defendants were somehow involved in any alleged violation of his constitutional rights. In the absence of any factual allegations specifically directed against these defendants, plaintiff has failed to state a claim for relief.

Finally, plaintiff's complaint fails to state a claim for relief against the SPCA of Cincinnati. Plaintiff has not alleged facts showing the SPCA of Cincinnati acted under color of state law to give rise to a cause of action under § 1983. *See Boutte v. San Francisco SPCA Animal Hosp.*, No. C 07-5661, 2008 WL 205277, at *2 (N.D. Cal. Jan. 23, 2008). In any event, plaintiff has failed to state a plausible procedural due process violation against the SPCA because he has failed to plead that his "state remedies for redressing the wrong are inadequate." *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Daily Services, LLC v. Valentino,* 756 F.3d 893, 904 (6th Cir. 2014); *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004).

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/8/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY WALKER,
    Plaintiff,

vs.

CITY OF CINCINNATI DEPT.
OF BUILDING AND INSPECTIONS, et al.,
    Defendant.

Case No. 1:17-cv-575
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).